**George M. BISHOP, Plaintiff-Appellant,**

v.

**STATE BAR OF TEXAS, et al.,
Defendants-Appellees.**

No. 84–2001
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 16, 1984.

Watkins, Kempner, Daughtrey & Associates, A.J. Watkins, Houston, Tex., for plaintiff-appellant.

Steven D. Peterson, State Bar of Texas, Jerry L. Zunker, Asst. Atty. Gen., Austin, Tex., for State Bar of Texas.

Hill & Ghiselli, Bertrand C. Moser, Houston, Tex., for Adam & Adam.

Before REAVLEY, RANDALL and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Attorney George M. Bishop alleged in a very sparse complaint that the State Bar of Texas has prosecuted disciplinary proceedings against him for many years, and that these proceedings have been taken in "bad faith" and have been infected with various violations of due process. He sought injunctive relief, damages, and attorney's fees against the State Bar, and also asserted a pendent state claim of defamation against two lawyers, Terry J. and Robert J. Adam. The district court dismissed the complaint without prejudice on the ground that injunctive relief against pending bar disciplinary proceedings is barred by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We vacate and remand.

*Younger* and its progeny establish a strong policy against federal court interference with certain pending state proceedings absent extraordinary circumstances. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 599–602, 95 S.Ct. 1200, 1206–07, 43 L.Ed.2d 482 (1975); *Younger*, 401 U.S. at 41, 91 S.Ct. at 749. But *Younger* acknowledged the continued vitality of *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), by stating that federal courts should afford injunctive relief to a plaintiff who successfully establishes "the kind of irreparable injury, above and beyond that associated with a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention." *Younger*, 401 U.S. at 48, 91 S.Ct. at 752; *see id.* at 53, 91 S.Ct. at 755. The Court's opinions construing *Younger* have continued to recognize that a showing of "bad faith, harassment or other exceptional circumstances" may justify federal intervention. *See Trainor v. Hernandez*, 431 U.S. 434, 446, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977); *Huffman*, 420 U.S. at 611–12, 95 S.Ct. at 1212.

 We have applied *Younger*'s exception for "bad faith prosecutions" in two major circumstances: first, when a state commences a prosecution or proceeding to retaliate for or to deter constitutionally protected conduct, *e.g., Smith v. Hightower*, 693 F.2d 359 (5th Cir.1982); *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir.1979); and second, when the prosecution or proceeding is taken in bad faith or for the purpose to harass. *E.g., Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir.1981) (per curiam); *Shaw v. Garrison*, 467 F.2d 113, 119–21 (5th Cir.) *cert. denied,* 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972).[1] In either case, irreparable injury under *Younger* is established by a sufficient showing of retaliatory or bad faith prosecution, and a federal injunction may issue. *See Wilson,* 593 F.2d at 1382–83 (retaliatory prosecution); *Shaw,* 467 F.2d at 120 (bad faith prosecution); *cf. Smith,* 693 F.2d at 366–67 (retaliation must be a "major motivating factor and [have] played a prominent role in the decision to prosecute").

In *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Supreme Court held that attorney disciplinary proceedings are among those judicial proceedings invested with sufficiently important state interests to warrant *Younger* deference. *Id.* at 433–434, 102 S.Ct. at 2522–23. New Jersey's disciplinary proceedings afford adequate opportunity for attorneys to raise constitutional claims, reasoned the *Middlesex* Court, and the federal courts should therefore have abstained under *Younger* from interfering by injunction. Bishop does not and could not argue that Texas' interest in its pending disciplinary proceeding is less significant than New Jersey's. Nor does he contend that disciplinary proceedings in Texas are any less judicial in nature than those in New Jersey. *See* Tex.Rev.Civ.Stat.Ann. art. 320a-1, §§ 12(a), 15, 16 (Vernon Supp. 1984).

[4] Bishop does argue that the Texas disciplinary proceedings are inadequate to consider his constitutional claims. The State Bar responds that the proceedings offer sufficient opportunity to adjudicate all of Bishop's claims, including bad faith prosecution. Neither is correct. Plaintiff cites several constitutional infirmities in the disciplinary proceedings themselves; he alleges, for example, that he has been denied notice of the disbarment charges, a fair hearing, and an opportunity to confront and produce witnesses. Record at 200. We need not pass on the validity of these claims, for we conclude that, like New Jersey's in *Middlesex,* the Texas scheme for disciplining attorneys is fully capable of considering the constitutional arguments of attorney-defendants relating to specific procedures followed in their cases. *E.g., Galindo v. State,* 535 S.W.2d 923 (Tex.Civ.App.—Corpus Christi 1976, no writ).

 But the State Bar's argument goes too far. In applying *Younger* to attorney disciplinary proceedings, the *Middlesex* Court expressly noted that a showing of bad faith or harassment might justify federal injunctive relief. 457 U.S. at 436, 102 S.Ct. at 2524. Although Texas disciplinary proceedings are capable of deciding constitutional challenges to specific procedures, recourse in those proceedings is not a sufficient avenue to remedy the constitutional injury done by bad faith proceedings themselves. The right under *Shaw* is to be free of bad faith charges and proceedings, not to endure them until their speciousness is eventually recognized. *Shaw,* 467 F.2d at 122 n. 11. *See Younger,* 401 U.S. at 46, 91 S.Ct. at 751; *id.* at 56, 91 S.Ct. at 757 (Stewart, J. concurring); *Wilson,* 593 F.2d at 1382–83. Thus, *Younger* forbade the district court from interfering with Bishop's disciplinary proceedings on the ground of specific constitutional flaws in the procedure followed in the state system. It did not foreclose injunctive relief based on Bishop's allegations of bad faith.

---

**1.** We recently affirmed the continued vitality of *Shaw*'s major holding—that persons enjoy a constitutional right to be free of criminal prosecution initiated without probable cause. *Wheel-* *er v. Cosden Oil & Chem. Co.,* 734 F.2d 254 (5th Cir.1984) (considering effect of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)).

Because we consider a Rule 12 dismissal, our record is slim and our standard generous: we may affirm only if it appears beyond doubt that Bishop can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jones v. United States,* 729 F.2d 326, 330 (5th Cir.1984). Bishop might have been more specific and artful in drafting his complaint, but its generality was not fatal. He alleged that the State Bar's efforts to discipline him had proceeded since 1976 and that they had been taken "in bad faith and for an improper motive." In this, he stated a claim for injunctive relief. The district court also erred in dismissing Bishop's claim for damages, a species of relief wholly unaffected by *Younger.* Finally, the district court exercised its discretion under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and dismissed Bishop's pendent defamation claims. Because our action today removes the ground for this discretionary dismissal, we vacate the dismissal of Bishop's claims against Terry and Robert Adams and remand for reconsideration in light of our revival of the federal claims.

REVERSED in part, VACATED in part, and REMANDED.