Paul F. HENSLER, Plaintiff-Appellant,

v.

The DISTRICT FOUR GRIEVANCE COMMITTEE OF the STATE BAR OF TEXAS, et al., Defendants-Appellees.

No. 85–2674
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 19, 1986.

---

Paul F. Hensler, Gatesville, Tex., pro se.

Steven M. Smoot, Asst. Gen. Counsel, and Adele M. Winn, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Paul F. Hensler appeals the dismissal of his 42 U.S.C. § 1983 complaint against the State Bar of Texas and its District Four Grievance Committee. Finding that the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires the district court to abstain in this proceeding, we affirm.

### Background Facts

Hensler is an attorney practicing in Texas. In January 1985 he moved his office and disconnected his telephone. As a result, various clients were not able to contact him and a number of grievances were filed against him. The grievance committee began its routine investigation into the allegations. In response, Hensler filed the instant complaint, seeking a temporary restraining order and preliminary and permanent injunctions to prevent the investigation. The district court refused the temporary restraining order and then granted the defendants' motion to dismiss on the grounds that the state bar and the griev-ance committee were state agencies and were not subject to § 1983 suits. The defendants' motion also sought dismissal on the grounds of abstention. We find that the latter grounds mandates the dismissal.

The grievance committee is a unit of the State Bar of Texas. It is statutorily charged with the affirmative obligation of investigating "any alleged ground for discipline." Tex.Rev.Civ.Stat.Ann. art. 320a–1 § 13(a). Upon receipt of an allegation of attorney-misconduct, the committee must determine whether the allegation, if proven, would be grounds for attorney-discipline. Art. 320a–1 § 13(c). If the committee determines that the allegation constitutes a complaint, under the statute it must notify the accused attorney. Art. 320a–1 § 13(d). It was the noticing of these complaints which precipitated the instant request for injunctive relief. There is neither allegation of bad faith on the part of the grievance committee nor allegation that it conspired against Hensler. *See Arsenaux v. Roberts*, 726 F.2d 1022 (5th Cir.1982). From the record before us it is apparent that the grievance committee did nothing more than follow its statutory mandate. Hensler contends that the charges against him were untrue and, to the extent true, excusable. Those are matters which should be presented to the grievance committee and to the state courts of Texas and not, in the first instance, to a federal court in a § 1983 suit.

### Analysis

In *Younger v. Harris* the Supreme Court made clear that a federal court should not interfere with an ongoing state criminal prosecution. This abstention doctrine has been applied to attorney-disciplinary proceedings. *Middlesex Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Under *Younger*, the federal court should avoid impeding the Texas state authorities in a disciplinary proceeding involving an attorney, absent allegations and proof of bad faith. *Bishop v. State Bar of Texas*, 736 F.2d 292 (5th

**392**

Cir.1984). The bad faith exception is narrow and is to be granted parsimoniously. *Hefner v. Alexander,* 779 F.2d 277 (5th Cir.1985).

Giving Hensler's complaint the most liberal reading, "it appears beyond doubt that [he] can prove no set of facts in support of his claim that would entitle him to relief." *Bishop,* 736 F.2d at 295. The allegations in his pleadings show, beyond doubt, that this is not a case for application of the narrow bad-faith exception. Hensler admits the basic facts which have triggered the investigation by the grievance committee. He concedes that he lost contact with a number of his clients and it is precisely that matter which is being reviewed by the committee. The state has an obvious and compelling interest in regulating the practice of law and controlling unethical activities by the practitioners admitted to its bar. We will not interfere with that activity, absent a strong showing of constitutional infraction. That reluctance, together with the clear teachings of *Younger,* mandates a dismissal of this action.

Our reference to *Younger* does not imply that the state bar and the grievance committee were not entitled to eleventh amendment immunity, *see Krempp v. Dobbs,* 775 F.2d 1319, 1321 (5th Cir.1985); rather, *Younger* answers appellant's claim that he should have been allowed to amend to make parties defendant the individuals who were the members of the grievance committee and the officers and directors of the state bar.

The judgment of the district court is AFFIRMED.