United States Court of Appeals,

Fifth Circuit.

No. 95-10895

Summary Calendar.

Robert R. WIGHTMAN, Plaintiff-Appellant,

v.

TEXAS SUPREME COURT and Texas State Bar, Defendants-Appellees.

June 3, 1996.

Appeal from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA, JONES and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Background

Plaintiff-Appellant Robert R. Wightman ("Wightman"), a licensed attorney in the State of Texas, challenges the district court's dismissal of his action to enjoin ongoing attorney disciplinary proceedings. He is the subject of a complaint issued in June, 1995, by the State Bar of Texas for violations of the Texas Disciplinary Rules of Professional Conduct, specifically Rule 8.02(a). Rule 8.02(a) prohibits attorneys in the State of Texas from making

> a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge....

Tex.Disciplinary R.Prof.Conduct 8.02(a). Wightman made controversial statements in Motions to Recuse, letters to the court, and letters to opposing counsel. Many of the statements amounted to venomous character attacks on certain state judges. The statements, made in the course of his representation of clients, are the subject of the Bar complaint.[1]

Wightman appealed the State Bar's initial determination that the grievance against him revealed professional misconduct. He subsequently entered federal court to stop the ongoing state proceedings to remedy what he viewed as an impending constitutional violation. He filed this lawsuit

---

[1]The actual comments are not relevant to this Court's discussion and will not be included herein.

in August, 1995, against Appellees, the Texas Supreme Court and the State Bar of Texas, seeking declaratory and preliminary injunctive relief. Wightman sought to enjoin the State Bar from proceeding with its disciplinary action against him on the basis that Rule 8.02(a) and Tex.R.Disciplinary P. 2.15(a) violated his right to free speech and that the complaint failed to provide him with adequate notice of the claim against him.[2] Wightman requested an expedited hearing on the matter. Appellees filed responses to Wightman's request for preliminary relief and also motions to dismiss.

After a hearing, the district court denied Wightman's application for a temporary restraining order and granted Appellees' motions to dismiss. The district court dismissed the action on abstention grounds. The court also found that Wightman had no likelihood of success on the merits of his claims, that he possessed an adequate remedy at law, that the harm to the Defendants by the issuance of an injunction would exceed the harm to Wightman, and that the public interest would not be served by the issuance of an injunction or restraining order.

Wightman filed a motion for a new trial which was denied by the district court. He then brought this timely appeal of the order of dismissal and denial of injunctive relief. For the reasons discussed herein, we affirm the order dismissing the suit on abstention grounds. Our holding that the district court properly abstained from interfering in an ongoing state proceeding obviates discussion of Wightman's request for preliminary injunctive relief.

Discussion

A district court's ruling on a motion to dismiss is reviewed de novo. *FDIC v. Ernst & Young,* 967 F.2d 166, 169 (5th Cir.1992). The district court followed the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in abstaining from deciding Wightman's constitutional challenges. In *Younger,* the Supreme Court "instructed federal courts that the principles of equity,

---

[2]Texas Rule of Disciplinary Procedure 2.15 requires confidentiality with regard to disciplinary actions. Wightman argues that the confidentiality requirement acts as a limit on his free speech right to challenge harassing behavior on the part of the State Bar. The State Bar of Texas has not pursued any action against Wightman under Rule 2.15. No such action has even been contemplated against Wightman, as shown in the record. His fear of possible enforcement of Rule 2.15 does not present this Court with a case or controversy. Wightman thus lacks standing to challenge Rule 2.15. His arguments on this rule will not be addressed.

comity, and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings." *Fieger v. Thomas,* 74 F.3d 740, 743 (6th Cir.1996) (discussing *Younger,* 401 U.S. at 43-44, 91 S.Ct. at 750-51).

In *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982), the Supreme Court set out a three-part test describing the circumstances under which abstention was advised: (1) the dispute should involve an "ongoing state judicial proceeding;" (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an "adequate opportunity in the state proceedings to raise constitutional challenges." It is now well recognized that attorney disciplinary proceedings are among those judicial proceedings invested with sufficiently important state interest to warrant deference under *Younger. Id.* at 435-437, 102 S.Ct. at 2522-24; *Bishop v. State Bar of Texas,* 736 F.2d 292, 294 (5th Cir.1984); *Fieger,* 74 F.3d at 746.

When, however, a state bar acts in bad faith or to retaliate against First Amendment protected activity, the courts should not abstain. *Hensler v. District Four Grievance Committee,* 790 F.2d 390, 391 (5th Cir.1986). As we stated in *Hensler,*

> Under *Younger,* the federal court should avoid impeding the Texas state authorities in a disciplinary proceeding involving an attorney, *absent allegations and proof of bad faith.*

*Id.* at 391 (citing *Bishop,* 736 F.2d at 294) (emphasis added). The bad faith exception is narrow and is to be granted parsimoniously. *Hefner v. Alexander,* 779 F.2d 277 (5th Cir.1985).

Wightman does not contest that the disciplinary actions taken against him involve "ongoing state judicial proceedings." Nor does he contest that the state has an important interest in regulating attorneys. He claims instead that the federal court should not abstain because Texas disciplinary proceedings do not provide an adequate opportunity to raise his constitutional claims, the State Bar is acting in bad faith, and Rule 8.02(a) is unconstitutional on its face.[3] We will address these

---

[3]Wightman also claims that he was not informed which rule he allegedly violated and that appeal would be futile because the Texas Supreme Court "has already announced its position" that the challenged speech is not protected by the First Amendment. The first argument seems foolish—the first sentence of the grievance form states that

> Attorney ... Wightman has made numerous statements that he knows to be false or

contentions in turn.

Adequacy of State Proceedings

We will not summarize Texas's disciplinary process except to state that an attorney has several opportunities to challenge the State Bar's allegations of misconduct before the attorney can be disciplined. An attorney can choose to have his dispute heard before a state district court or the State Bar grievance committee. Appeals to higher courts are available from either forum. *See* Tex.R.Disciplinary P. 1.06, 2.09, 2.11-2.13, 3.08, and 3.16.

Wightman's case is still in its early stages. At the time Wightman filed this action, he had not yet been before an investigatory panel of the grievance committee. Wightman has not shown that the grievance committee or the courts are somehow unable to address his constitutional concerns. Nor is there any rule or statute that prevents an attorney from presenting constitutional claims or a panel or court from considering such claims. He will thus be able to raise his constitutional and procedural claims at the investigatory hearing, in either the district court or before the State Bar grievance committee, and in subsequent appeals.

Where state disciplinary proceedings allow an attorney to make constitutional objections to the proceedings at multiple stages, the Supreme Court and this Court have had no difficulty in concluding that those proceedings provide an "adequate opportunity in the state proceedings to raise constitutional challenges" under *Younger. Middlesex,* 457 U.S. at 435-437, 102 S.Ct. at 2522-24; *Bishop,* 736 F.2d at 294. We conclude as we have in the past that "[T]he Texas scheme for disciplining attorneys is fully capable of considering the constitutional arguments of attorney-defendants ..." *Bishop,* 736 F.2d at 294.[4]

---

with reckless disregard as to their truth or falsity concerning the qualifications or integrity of [various judges].

The language of this sentence tracks the language of Rule 8.02(a). *See* language of Rule 8.02(a) *supra.* Wightman is not ignorant as to the charge against him. As for the Texas Supreme Court's pronouncement, such argument was made in a responsive pleading as part of litigation, not as a judicial declaration of law. Wightman cannot yet claim that appeal would be futile.

[4]On facts very similar to those of the instant case, the Sixth Circuit rebuffed on abstention grounds an attorney's attempt to enjoin state disciplinary proceedings. The attorney was the

Bad Faith/Harassment Exception

Wightman claims, nonetheless, that the State Bar has acted in bad faith and has harassed him. However, more than this allegation is required. He must offer some *proof. Hensler,* 790 F.2d at 391. Wightman has pled no facts to support his conclusion. At the TRO hearing, Wightman produced no evidence of retaliatory or bad faith action by the State Bar. The record shows nothing more than adherence to standard procedure and compliance with statutory requirements on the part of the State Bar. Texas's extensive and lengthy disciplinary procedures protect Wightman against bad faith behavior by the State Bar. The bad faith exception to abstention does not apply in this case.

Facial Unconstitutionality of Rule 8.02(a)

Wightman also argues that courts should not abstain when a statute is unconstitutional on its face. However, "[T]he possible unconstitutionality of a statute "on its face' does not in itself justify an injunction against good faith attempts to enforce it," especially absent "any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. 37, 53-54, 91 S.Ct. 746, 755; *Fieger,* 74 F.3d at 750. No showing of bad faith or harassment has been made in this case. Wightman's argument thus does not convince us that the district court should interfere in the ongoing state proceeding. We believe that Wightman will have his opportunity to test the constitutionality of Rule 8.02(a) before the State Bar of Texas and in state court.

## Conclusion

Wightman attacks an ongoing state disciplinary proceeding. Because this judicial type of proceeding involves an important state interest and because the process should provide ample opportunity for Wightman to raise his constitutional concerns, we conclude that the district court correctly abstained from this matter by dismissing the case.

AFFIRMED.

---

object of a complaint under Michigan's Rule 8.2(a) (duplicate of Texas's' Rule 8.02(a)) and other rules for statements made against Michigan judges and prosecutors. *Fieger,* 74 F.3d at 742. The Sixth Circuit held that an attorney's opportunity to raise constitutional concerns before the Michigan Attorney Discipline Board and in subsequent appeals satisfied *Younger*'s third requirement. *Id.* at 745-746.