[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1198

 CAROLINE G. DOUGLAS,

 Plaintiff, Appellant,

 v.

 NEW HAMPSHIRE SUPREME COURT PROFESSIONAL
 CONDUCT COMMITTEE, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Steven J. McAuliffe, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Cyr, Senior Circuit Judge,
 and Boudin, Circuit Judge.

 Caroline G. Douglas on brief pro se.
 Philip T. McLaughlin, Attorney General and Daniel J. Mullen,
Senior Assistant Attorney General on brief for appellees.

December 29, 1998

 Per Curiam. Plaintiff Caroline Douglas appeals a
district court judgment that dismissed her amended complaint
for declaratory and injunctive relief to enjoin the New
Hampshire Supreme Court Professional Conduct Committee (NHPCC) 
from instituting disciplinary proceedings against her. The
district court's dismissal order was based on the abstention
principle enunciated in Younger v. Harris, 401 U.S. 37 (1971),
and extended to attorney disciplinary proceedings in Middlesex
County Ethics Committee v. Garden State Bar Association, 457
U.S. 423 (1982). 
 Applying de novo review, see Brooks v. New Hampshire
Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996), we affirm. 
The allegations in plaintiff's amended complaint establish that
the disciplinary investigations commenced by the NHPCC are the
sort of judicial proceedings that warrant abstention, as
evidenced by the cases cited in the district court's opinion. 
Plaintiff's argument to the contrary is meritless. See, e.g.,
Wightman v. Texas Supreme Court, 84 F.3d 188, 190-91 (5th Cir.
1996)(applying Younger to disciplinary proceeding in its early
stages), cert. denied, 117 S. Ct. 744 (1997); Fieger v. Thomas,
74 F.3d 740, 746-49 (6th Cir. 1996)(applying Younger where
attorney could raise constitutional claims before state bar
disciplinary board and, via petition for mandamus or petition
for discretionary review, before state supreme court); Brooks,
80 F.3d at 638 (applying Younger where, inter alia, state
disciplinary proceeding was only in the "embryonic" stage). The allegations in plaintiff's amended complaint are
also insufficient to state a claim within the "bad faith"
exception to the Younger principle. See Wightman, 84 F.3d at
190 ("[t]he bad faith exception is narrow and is to be granted
parsimoniously"); Bettencourt v. Board of Registration in
Medicine, 904 F.2d 772, 779 (1st Cir. 1990)(similar). 
Plaintiff's conclusory allegation that she was acting as a
private citizen is insufficient to suggest that the NHPCC acted
in bad faith in opening its investigations. See Judge v. City
of Lowell, F.3d , (1st Cir. 1998), 1998 WESTLAW
789187 at *4("the element of illegal motive must be pleaded by
alleging specific non-conclusory facts from which such a motive
may reasonably be inferred, not merely by generalized
asseveration alone[]"); Collins v. County of Kendall, Illinois,
807 F.2d 95, 98 (7th Cir. 1986)(plaintiff asserting bad faith
prosecution must allege specific facts to support an inference
of bad faith). Plaintiff's allegation that the NHPCC followed
improper procedures in initiating the September 15, 1997
complaint also fails to raise the specter of bad faith, for
plaintiff has failed to identify any rule that prohibited the
opening of the complaint in the fashion alleged. We further
cannot say that the "Hewson complaint" described a scenario
that was patently beyond the NHPCC's jurisdiction, nor that its
docketing was a "manifest" example of bad faith. Finally,
that the NHPCC failed to pursue a number of complaints against
plaintiff's ex-husband is irrelevant to whether the complaints
against plaintiff were opened in bad faith. See Mason v.
Departmental Disciplinary Committee, 894 F.2d 512, 515 (2d Cir.
1990)(allegation that professional conduct board was at fault
because it failed to adjudicate misconduct charges against
others was irrelevant to determining propriety of board's
inquiry into plaintiff). Finally, plaintiff's allegations
concerning the NHPCC's alleged bias in favor of politically
influential attorneys are too general to overcome the
presumption of integrity that we must ascribe to the
defendants. See, e.g., Hirsh v. Justices of the Supreme Court
of California, 67 F.3d 708, 713 (9th Cir. 1995); Bettencourt,
904 F.2d at 780. 
 Affirmed.