United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20031
Summary Calendar

BERNARD H. GLATZER,

Plaintiff-Appellant,

versus

THE CHASE MANHATTAN BANK; MARIAN B. GLATZER;
ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES;
MARLENE THOMASON,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-4471

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Bernard H. Glatzer appeals from the dismissal of his 42
U.S.C. § 1983 complaint alleging that the defendants conspired to
deprive him of his parental rights.  Glatzer alleged that Thomason,
while acting as a temporary judge, conspired with his ex-wife and
issued without jurisdiction an order in California proceedings
affecting custody and child support.  He further alleged that the
defendants improperly seized his assets in New York based on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

order. Glatzer sought damages and an injunction to stay separate proceedings that he initiated in New York state court. The district court dismissed the suit under the Rooker-Feldman[1] doctrine as a collateral attack on the California order. In the alternative, to the extent that state court proceedings were still pending, the district court dismissed the suit based on the Younger[2] abstention doctrine.

Glatzer argues that the district court's application of the Rooker-Feldman doctrine was erroneous because the California order was jurisdictionally void and his claims are based on the defendants' independent constitutional violations. We conclude after reviewing the record and the briefs that Glatzer's claims are inextricably intertwined with the state court order and the district court did not err. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994); Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994). Glatzer also argues that the district court erroneously applied the Younger abstention doctrine. We conclude, however, that the district court's alternative ruling was correct. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987); Wightman v. Texas Supreme Court, 84 F.3d 188, 189 (5th Cir. 1996). Thomason's motion to file a sur-reply brief and Glatzer's motion to file a sur-sur-reply brief are DENIED.

**AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.**

---

[1]  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[2]  Younger v. Harris, 401 U.S. 37 (1971).