**Bobby E. GUIMBELLOT et al.**

v.

**Elodie Ann ROWELL et al.**

No. CIV.A. 04–1318.

United States District Court, E.D. Louisiana.

Oct. 6, 2004.

Gregg Lindsey Spyridon, John Michael Herke, Spyridon, Koch Palermo & Dornan, Metairie, for Bobby E Guimbellot, Yvonne Zodun, plaintiffs.

Allan L. Placke, Johnson & Placke, West Monroe, Gustave A. Fritchie, III, Irwin Fritchie Urquhart & Moore LLC, New Orleans, for Elodie Ann Rowell, Danelle Heathman–Smith, Don H Johnson, Tomeca Wright, Stephen Mullins, Cecil Deskins, Johnson & Placke LLP, Law Firm of Alwyn Luckey, P.A., Unidentified Parties, defendants.

1. The Houma Atrium Building is a six-story commercial building with 29 business tenants, who have over 200 employees. Houma Building Partnership is the legal owner of the building, and Bobby E. Guimbellot and Southern Scottish Inns, Inc. are partners.

## ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that the defendants' motions to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure, are **GRANTED IN PART** and **DENIED IN PART**. (Documents # 12 and # 14.). The Rule 12(b)(1)motions to dismiss the defamation claims, brought by Guimbellot and Zodun personally, for lack of subject matter jurisdiction are **DENIED**. The motion to dismiss the claim pursuant to 42 U.S.C. § 1983, which the court construes as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, is **GRANTED**.

**IT IS FURTHER ORDERED** that the alternative motion to dismiss based on abstention is **DENIED**.

## I. BACKGROUND

On October 25, 2002, Elodie Anne F. Rowell and Danelle Heathman–Smith, individually and on behalf of the minor child, Macyn Heathman, and others similarly situated (the class action plaintiffs) filed a "Petition for Damages and Recognition as Class Action" in Civil District Court for the Parish of Orleans against Houma Building Partnership, Manna Properties of Houma, L.L.C., Michel Claudet, and Ad–Val, Inc., the owners of the Houma Atrium Building.[1] The class action plaintiffs alleged that they were employees of USI Gulf Coast, Inc. with offices in the Houma Atrium Building and that their children attended the daycare facility formerly located on the premises. The plaintiffs alleged that, through the negligence of the

See Defendant's exh. B. Houma Building Partnership is domiciled in New Orleans, Louisiana. Guimbellot alleges in the complaint that he and Yvonne Zodun are 50% owners of the Houma Atrium Building.

owners or former owners, they were subjected to fungal substances such as mold and mold spores that affected their health.

On November 4, 2003, counsel for the class action plaintiffs[2] filed a "Motion to Permit Entry onto Premises for Inspection and Mold Assessment and for Restraining Order" and set the motion for hearing on November 14, 2003, before Judge Belsome.[3] On November 12, 2003, Houma Building Partnership filed objections to the class action plaintiffs' motion, asserting that the motion was premature and untimely. On November 24, 2003, Judge Belsome's minute clerk sent a letter to Steven Mullins of The Law Firm of Alwyn H. Luckey, P.A., co-counsel for the class action plaintiffs, requesting that he submit an "Order which includes a date and time for the inspection to take place." On March 31, 2004, Judge Kern Reese[4] signed an "Order Allowing Plaintiffs' Entry Onto Premises for Inspection and Mold Assessment and for Restraining Order" on April 1st and 2nd from 8:00 a.m. until 5:00 p.m. and restraining the owners of the building from making any repairs prior to the inspection and mold analysis. On April 1, 2004, Judge Reese denied Houma Building Partnership's emergency motion to set aside the order permitting the entry for inspection and analysis.

On May 7, 2004, Guimbellot, a Georgia citizen and partner in the Houma Building Partnership, and Zodun, an owner of 50% of the Atrium Building, also a Georgia citizen, filed a complaint in federal court against Rowell, Heathman–Smith, Johnson, Wright, Mullins, Cecil Deskins, Johnson & Placke, L.L.P., The Law Firm of Alwyn Luckey, P.A. and John and Jane Does 1–70 (unknown clients of Johnson and Mullins), asserting diversity jurisdiction and federal question jurisdiction under 42 U.S.C. § 1983. Guimbellot and Zodun allege that the defendants engaged in a campaign to defame them, interfere with their lease contracts with their tenants, and deprive them of their constitutional rights of due process in obtaining the court order to enter the building.

Rowell, Heathman–Smith, Johnson, Wright, Deskins, Johnson & Placke, L.L.P. and John and Jan Does 1–70 filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction; Alternative Motion to Dismiss Based on Abstention."

## II. DISCUSSION

### A. Rule 12(b)(1) legal standard

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. *Id.*

"In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain

---

**2.** Subsequent to the filing of the petition, Don Johnson and the law firm of Johnson & Placke, L.L.P. became co-counsel in the litigation. Tomeca Wright is a paralegal employed by the Johnson & Placke law firm.

**3.** Guimbellot and Zodun assert that La.Code of Civ Pro. art. 963 and Dist. Ct. R. 9.8 were

not followed because the motion was set for hearing five days earlier than allowed by law. *See* Plaintiff's exh. G.

**4.** Judge Belsome had been elected to the Fourth Circuit Court of Appeal and requested that Judge Reese sign the order.

that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

## B. Diversity jurisdiction[5]

■ The defendants contend that, although Guimbellot and Zodun are citizens of Georgia, the parties are not completely diverse because Houma Building Partnership and one of its partners, Southern Scottish Inns, Inc., are Louisiana corporations. They argue that the Houma Building Partnership is a real party in interest because the action in the federal lawsuit is being taken on behalf of the partnership, and its citizenship must be taken into consideration when determining whether diversity jurisdiction is present. Guimbellot and Zodun argue that the partnership is not a real party in interest, and diversity jurisdiction does not depend on the citizenship of any other partner.

The defendants' argument reflects a misinterpretation of the plaintiffs' complaint as bringing a claim on behalf of the Houma Building Partnership. Guimbellot and Zodun allege in the complaint that they are seeking relief in defamation individually for damages to their personal reputations as a result of the defendants' actions, not the reputation of the partnership.[6] Houma Building Partnership is a non-party in this action, and Guimbellot and Zodun have a right to sue for damages that are separate and distinct from those of the partnership. Any damages will, of course, be limited accordingly.

Because the parties are diverse, there is subject matter jurisdiction over the defamation claims of Guimbellot and Zodun in their individual capacities.[7] The defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is denied.

## C. Section 1983 claim

■ The court construes the challenge to the § 1983 claim as a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted.[8] Rule

---

5. The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

6. In their opposition to the Rule 12(b)(1) motion, Guimbellot and Zodun address only the defamation claims and put forth no arguments that the court has jurisdiction over the claim of interference with lease contracts with their tenants.

7. This decision is limited to the court's subject matter jurisdiction and gives no consideration to the merits of the defamation claims.

8. The defendants contend that Guimbellot and Zodun "do not allege facts sufficient to evoke this Court's federal question jurisdiction." The defendants argue that there was no constitutional deprivation because the class action plaintiffs had an opportunity to be heard and filed an objection to the inspection. Judge Reese, the Duty Judge, signed the

order in Judge Belsome's absence, the Fourth Circuit Court of Appeal denied the class action plaintiffs' writ application challenging the legality of the order. The Supreme Court of Louisiana denied the application for supervisory or remedial writs on October 1, 2004. The defendants further argue that the plaintiffs have not alleged a claim under § 1983 because they are not state actors, there are no allegations to support a conspiracy with a state actor, and their actions as private parties were not taken under color of state law.

"Although the defendants frame their motion to dismiss the § 1983 claim as a Rule 12(b)(1) motion, the arguments in their memoranda and the opposition of Guimbellot and Zodun are read to address the merits of the claim, not subject matter jurisdiction." It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the court's statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998). "[T]he district court

12(b)(6) authorizes a court to "dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The complaint is liberally construed in favor of the plaintiff, and all facts pleaded in the complaint are taken as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). This Court does not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

■ "Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). Private attorneys are not official state actors and, generally cannot be sued under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996).

■ "For a party to be subject to suit under section 1983, the asserted deprivation of rights must stem from conduct fairly attributable to the state." *Davis Oil Co. v. Mills*, 873 F.2d 774, 779 (5th Cir. 1989). Actions of a private party may be attributed to the state if two conditions are met:

has jurisdiction if the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the

First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . .

Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.*

■ "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir.1990). To prevail on a conspiracy claim under § 1983, the plaintiffs must show (1) the existence of a conspiracy involving state action and (2) a deprivation of their civil rights in furtherance of the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir.1990).

Therefore, in order to state a claim against the private defendants, Guimbellot and Zodun must allege facts to support a claim that they were deprived of their constitutional right of due process and that the defendants either conspired with a state actor or that they performed functions that are properly attributable to the State. *See Flagg Brothers, Inc. v. Brooks*, 98 S.Ct. at 1733.

**1. Due process violation**

■ Guimbellot and Zodun assert that they were deprived of their property without due process. When a property interest is infringed, the process that is due is measured by the United States Constitution. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105

United States are given one construction and will be defeated if they are given another." *Id.* (internal quotation and citation omitted).

S.Ct. 1487, 1492–93, 84 L.Ed.2d 494 (1985). "[T]he due process clause does not require that a formal, adversarial hearing precede every decision affecting property." *Wozniak v. Conry*, 236 F.3d 888, 890 (7th Cir.2001). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). A failure to follow the procedural protections provided by state law or regulation does not necessarily amount to a denial of due process because constitutional minima may have been met. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir.1994). The records of Civil District Court for the Parish of Orleans, Division C, No.2002–16771, provided by Guimbellot and Zodun indicate that a hearing on the class action plaintiffs' motion to permit entry was set and that Guimbellot and Zodun filed an objection to the motion. Plaintiffs' opposition, Ech. E, F, H.[9] Thus, the court records do not support allegations that Guimbellot and Zodun were deprived of a property right without fulfilling the constitutional minima of notice of the class action plaintiffs' motion and an opportunity to be heard by the state court judge through their written objections. Accordingly, Guimbellot and Zodun have not alleged a violation of a constitutional right under the Due Process Clause.

**2. Under color of state law**

Even if the complaint had alleged a violation of a constitutional right, Guimbellot and Zodun have not alleged facts to state a claim that the defendants conspired with a state actor to deprive them of their constitutional rights or that their actions in obtaining a court order to enter the building for an inspection and

mold assessment are fairly attributable to the State.

Guimbellot and Zodun have named no public officials as defendants in this action. Guimbellot and Zodun allege that the private defendants violated § 1983 as follows:

[T]he court and staff of Division C. Civil District Court, Orleans Parish, State of Louisiana, and in particular, the Minute Clerk, substantially, materially and affirmatively participated with and assisted Defendants in obtaining the above described ex parte court order to enter, inspect and test Plaintiffs' property without notice to Plaintiffs or any opportunity for Plaintiffs to be heard. Plaintiffs aver that said order was fatally procedurally defective, invalid on its face, and wrong as a matter of law. Plaintiffs aver that Defendants used the aforesaid invalid ex parte order to trespass upon and illegally seize Plaintiffs' private property under color of law, and to conduct an illegal search of said premises, ultimately taking away, through additional illegal seizure, other portions of Plaintiffs' private property.

Additionally, Defendants Wright and Deskins, under color of the improperly issued and invalid ex parte order, acted in a capacity normally undertaken by law enforcement personnel by informing both the building manager and non-party tenants in the building that they were acting pursuant to a court order, and insisting that the tenants must submit to testing and inspection of their private spaces within the building pursuant to said order.

Plaintiffs aver that defendants Johnson and Mullins had or obtained a direct interest in the litigation by procuring issuance of the invalid order . . . .

9. *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n. 14 (5th Cir.1997) (The court may take judicial notice of public records).

Defendants' actions, with the active assistance of the state court Minute Clerk, and by use of the invalid order, effected an unconstitutional search of Plaintiffs' private property, and an unconstitutional seizure of Plaintiffs' private property, in violation of Plaintiffs' Fourth and Fourteenth Amendment rights under the U.S. Constitution to be free from unreasonable searches and seizures. Defendants' actions were materially and affirmatively aided, and would not have been possible without the actions of the state court's Minute Clerk.

Defendants' actions, in concert with the state court Minute Clerk, of obtaining and executing the invalid ex parte order, without notice to Plaintiffs and a meaningful opportunity to be hear, violated Plaintiffs' rights to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution.

The conclusory allegations of Guimbellot and Zodun that the defendants acted "in concert with the state court Minute Clerk," that the Minute Clerk "participated with and assisted" the defendants, and that their "actions were materially and affirmatively aided" by her are inadequate to state a claim for conspiracy with state actors to deprive them of their right of due process. Further, the conclusory allegation that the defendants "acted in a capacity normally undertaken by law enforcement personnel" in obtaining what amounts to a court order to conduct discovery in the form of testing the building for mold is inadequate to state a claim that the defendants acted under color of state law in performing what is traditionally an exclusive public function.

Accordingly, construing the motion to dismiss as a Rule 12(b)(6) motion and taking all of the allegations in the complaint as true, the court grants the defendants' motion to dismiss the § 1983 claim.

## D. Abstention

The defendants contend that the court should abstain from exercising jurisdiction over the lawsuit and order the plaintiffs to pursue their claims in state court. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), "the Supreme Court instructed federal courts that the principles of equity, comity, and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings." *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996). The Supreme Court set out a three-part test describing the circumstances under which abstention is advised: "(1) the dispute should involve an ongoing state judicial proceeding; (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.*

In this case, *Younger* abstention is not available. The dispute in this case does not involve the proceedings in state court or the State interest in the subject matter because the parties are not the same, and the defamation claims of Guimbellot and Zodun are not related to the state court action to recover from the Houma Building Partnership for damages to the plaintiffs' health. Further, the constitutional challenge is not implicated because the court has determined that the plaintiffs have failed to state a claim for a due process violation under § 1983.