**Tom RICKHOFF, Plaintiff–Appellant**

**v.**

**Seana WILLING, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Jorge C. Rangel, Official Capacity as member of the Texas State Commission on Judicial Conduct; Jan P. Patterson, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Janelle Shepard, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Sid Harle, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Ann Appling Bradford, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Michael R. Fields, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Tom Lawrence, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Tom Cunningham, Official Capacity as Member of the Texas State Commission on Judicial Conduct; William "Bill" Lawrence, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Karry K. Matson, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Patti H. Johnson, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Joel Baker, Official Capacity as Member of the Texas State Commission on Judicial Conduct; Edward J. Spillane, III, Official Capacity as Member of the Texas State Commission on Judicial Conduct, Defendants–Appellees.**

No. 11–50411
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 2012.

356

Tom Rickhoff, San Antonio, TX, pro se.

Mishell B. Kneeland, Assistant Attorney General, Eric L. Vinson, Esq., Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM: [*]

Defendants conducted an investigation into a complaint that plaintiff, a judge, had violated a judicial Canon. Upon being notified by the defendants that a complaint had been filed against him, plaintiff filed suit in the district court seeking to enjoin the defendants from continuing its investigation into the alleged Canon violation. After dismissing the portion of the complaint relating to the Canon violation, defendants moved for summary judgment on all of plaintiff's federal claims based on the abstention principles of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court agreed with the defendants that *Younger* abstention applied, granted its motion for summary judgment, and dismissed plaintiff's case. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

In June 2009, Bexar County Probate Judge Tom Rickhoff ("Rickhoff") mailed letters to his opponent's campaign contributors commenting on her lack of trial experience. As a result, Rickhoff's opponent, Barbara Scharf–Zeldes ("Scharf–Zeldes"), filed a complaint with the Texas State Commission on Judicial Conduct (the "Commission") alleging, inter alia, that Rickhoff's letter misrepresented her trial experience in violation of the Texas Code of Judicial Conduct Canon 5(1)(ii).

In response to Scharf–Zeldes's complaint, the Commission's investigative staff set out to determine whether the allegations, if true, amounted to a Canon and/or constitutional violation. After some initial research, the investigative staff recommended that the complaint be transferred to the Commission's legal staff for a determination of whether Canon 5(1)(ii) posed a constitutional violation. The legal staff found no authority for the proposition that Canon 5(1)(ii) was unconstitutional under the First Amendment, and chose to continue the investigation.

On February 4, 2010, the Commission notified Rickhoff of the ongoing investigation and requested that he respond to a questionnaire regarding Scharf–Zeldes's complaint. Rickhoff did not respond to the Commission's letter, but instead filed this suit against the Commission challenging the constitutionality of Canon 5(1)(ii) and seeking to enjoin the Commission's investigation. The Commission continued its investigation and contacted witnesses concerning Scharf–Zeldes's complaint. Thereafter, Rickhoff responded to the Commission's questionnaire by stating that the statements in his campaign letter to Scharf–Zeldes's campaign contributors were true, and that the Commission's investigation violated his First Amendment rights.

On April 16, 2010, the full Commission held a meeting concerning Scharf–Zeldes's complaint against Rickhoff. The Commission determined that Rickhoff had not violated Canon 5(1)(ii) and voted to dismiss that portion of Scharf–Zeldes' complaint. The Commission, however, offered Rickhoff a tentative sanction regarding the other allegations in Scharf–Zeldes's complaint. As of October 2010, Rickhoff had not accepted the proposed sanction.

After dismissing that portion of Scharf–Zeldes' complaint concerning the alleged Canon 5(1)(ii) violation, the Commission filed its motion for summary judgment on all of Rickhoff's claims. In its motion for summary judgment, the Commission as-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serted that *Younger* abstention requires the district court to abstain from hearing Rickhoff's case. The district court agreed with the Commission and dismissed the case.

On November 11, 2010, Rickhoff filed his motion for reconsideration, which the district court denied. Rickhoff now appeals.

## STANDARD OF REVIEW

In abstention cases, we apply a two-part standard of review. *Texas Ass'n of Business v. Earle,* 388 F.3d 515, 518 (5th Cir. 2004) (citing *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.,* 283 F.3d 650, 652 (5th Cir.2002)). While we review a district court's abstention ruling for abuse of discretion, we review whether the requirements of abstention are satisfied *de novo. Id.* "A court necessarily abuses its discretion when it abstains outside of the doctrine's strictures." *Webb v. B.C. Rogers Poultry, Inc.,* 174 F.3d 697, 701 (5th Cir.1999). Thus, we review a district court's decision to abstain for abuse of discretion, provided that the elements for *Younger* abstention are present.

## DISCUSSION

According to *Younger,* federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to state proceedings pending at the time the federal action was commenced. *Texas Ass'n of Business,* 388 F.3d at 518. The Supreme Court "instructed federal courts that the principles of equity, comity, and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings." *Fieger v. Thomas,* 74 F.3d 740, 743 (6th Cir.1996) (discussing *Younger,* 401 U.S. at 43–44, 91 S.Ct. 746).

*Younger* abstention is required when: (1) there is an ongoing state proceeding that is judicial in nature; (2) the state has an important interest in regulating the subject matter of the claim; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenges. *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir.1996). *Younger* abstention has been extended to apply to certain kinds of civil and administrative proceedings that are judicial in nature. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (*Younger* abstention was appropriate when matter was before a state commission charged with hearing gender discrimination claims); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (applying *Younger* abstention to intervention in ongoing attorney disciplinary proceedings); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (holding that *Younger* should apply in challenges to civil contempt proceedings against a default judgment debtor who failed to comply with a subpoena). Furthermore, our sister circuits have applied *Younger* abstention to judicial oversight and disciplinary proceedings. *See, e.g., Squire v. Coughlan,* 469 F.3d 551, 556 (6th Cir.2006); *Butler v. Alabama Judicial Inquiry Comm'n,* 261 F.3d 1154 (11th Cir.2001); *Pincham v. Ill. Judicial Inquiry Bd.,* 872 F.2d 1341 (7th Cir.1989).

■ First, we must determine whether the Commission's investigation of Scharf–Zeldes's complaint against Rickhoff constituted an "ongoing state proceeding." The Commission's proceedings have both administrative functions, like investigating alleged judicial misconduct and making an initial determination of whether the allegations, if true, amount to a Canon and/or constitutional violation, and judicial functions, like summoning witnesses and deter-

mining whether disciplinary action is warranted. *See Texas Ass'n of Business,* 388 F.3d at 520. Moreover, the Texas Constitution provides that "[t]he Supreme Court shall by rule provide for the procedure before the Commission, Masters, review tribunal, and the Supreme Court," Tex. Const. art. V, § 1–a(11), which the Supreme Court has done by promulgating the Texas Rules for Removal or Retirement of Judges. Therefore, the Commission's proceedings are judicial in nature.

■ We must, however, determine whether the Commission's proceedings were "ongoing" to satisfy the first prong of *Younger.* The relevant inquiry in determining that the state judicial proceeding was "ongoing" is whether the state proceeding was pending at the time the federal action was instituted. *See Pennzoil v. Texaco,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). It is clear from the record that the Commission was still investigating the alleged Canon violation at the time Rickhoff filed his federal claims against the Commission. Notably, the Commission's proceedings were still pending at the time the district court determined the *Younger* abstention because Rickhoff had yet to accept the tentative sanction proposed by the Commission. Thus, the state judicial proceedings were "ongoing," thereby satisfying the first prong of *Younger.*

Because Rickhoff did not dispute that the second prong of *Younger* had been satisfied in the district court we find no need to discuss it here. Therefore, we proceed to determine whether the third prong of *Younger* has been satisfied.

■ To satisfy the third prong of *Younger,* Rickhoff must have had an adequate opportunity in the state proceeding to raise his constitutional challenges. *Wightman,* 84 F.3d at 189. Rickhoff argues that the Commission is incapable of analyzing his constitutional challenges and that Texas Supreme Court review is necessary to satisfy *Younger.* We are, however, unpersuaded by Rickhoff's argument.

Despite Rickhoff's contentions, Texas law indicates that the Commission can, in fact, consider constitutional challenges to the judicial Canons and the Commission's procedures. *See, e.g., In re Rose,* 144 S.W.3d 661 (Tex.Rev.Trib.2004) (noting the Commission considered judge's due process challenges to the proceedings). Additionally, review by the Texas Supreme Court is not required. In *Juidice,* the Supreme Court opined that *Younger* only requires that there is an opportunity to raise constitutional challenges. *Juidice,* 430 U.S. at 337, 97 S.Ct. 1211. Because the Commission is a competent body for analyzing constitutional challenges to the judicial Canons it is clear that the third requirement of *Younger* has been met.

Therefore, the three-prong test for *Younger* abstention has been satisfied. The district court correctly refrained from considering Rickhoff's request for injunctive relief based upon his constitutional challenges.

## CONCLUSION

Based on the foregoing, we AFFIRM the judgement of the district court.