# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50687
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2018

Lyle W. Cayce
Clerk

ARNOLD J. MORRIS, M.D.

Plaintiff-Appellant

v.

MARI ROBINSON; JUANITA GARNER; BETH BIERMAN; MICHAEL ARAMBULA, M.D.; JULIE ATTEBURY; DAVID BAUCOM; FRANK DENTON; JOHN D. ELLIS, JR.; CARLOS L. GALLARDO; MANUEL GUAJARDO, M.D.; JOHN GUERRA, D.O.; MARGARET MCNEESE, M.D.; ALLAN N. SHULKIN, M.D.; ROBERT B. SIMONSON, D.O.; KARL SWANN, M.D.; PAULETTE BARKER SOUTHARD; SURENDRA VARMA, M.D.; STANLEY WANG, M.D.; TIMOTHY WEBB, J.D.; GEORGE WILLIFORD III, M.D.; SCOTT HOLLIDAY, D.O.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1000

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50687

Dr. Arnold Morris brought this section 1983 suit seeking to enjoin an ongoing disciplinary proceeding brought against him by the Texas Medical Board. The district court first denied Morris's motion for a preliminary injunction. Later, adopting a recommendation of the magistrate judge, the court concluded that *Younger* abstention barred the requested relief and dismissed the suit. *See Younger v. Harris,* 401 U.S. 37 (1971) (preventing federal courts from enjoining ongoing state proceedings with limited exceptions). Morris appeals.

Morris challenges the use of separate magistrate judges to review separate motions in this case. One magistrate judge wrote the recommendation concerning the plaintiff's preliminary injunction request; the second wrote the recommendation on the defendant's motion to dismiss on various grounds, including *Younger*. Nothing prohibits this practice. Nor is there any inconsistency between the two recommendations the district court adopted. In recommending against a preliminary injunction, the magistrate concluded that Morris could not show a likelihood of success on his section 1983 claim because there is no "freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Morris did not ground his section 1983 claim in a specific constitutional claim as the law requires. *Id.* at 953–54. The second magistrate's report addressed *Younger* and analyzed whether an exception to that abstention doctrine, which exists when a state proceeding is being pursued in bad faith, applied in Morris's case. *See Bishop v. State Bar of Tex.*, 736 F.2d 292, 294 (5th Cir. 1984). It concluded that the exception was not satisfied, so *Younger* should bar the suit. But the bad faith exception to *Younger* is not the same issue as whether there is an independent constitutional violation for malicious prosecution cognizable in a section 1983 suit. If Morris had been able to get past *Younger*

2

No. 17-50687

via the bad-faith exception, he still would have had to establish an affirmative claim grounded in the Constitution.

In any event, what matters is whether the district court's ultimate dismissal of the case on *Younger* grounds was correct. The magistrate's report fully examined whether Morris had established bad faith, so his case does not present the question whether *Bishop*'s bad-faith exception still applies. The court assumed it did, but found that Morris had not made a sufficient showing of bad faith. We see no error in that conclusion. And *Younger* has long applied not only to federal suits seeking to enjoin state criminal prosecutions, but also to suits seeking to halt state civil enforcement proceedings like disciplinary proceedings for licensed professionals. *Google, Inc. v. Hood*, 822 F.3d 212, 222 & n.5 (citing bar disciplinary proceedings as an example). This federal suit was properly dismissed.[1]

AFFIRMED.

---

[1] Defendant Beth Bierman, an administrative law judge adjudicating Morris's case, filed a separate appellee brief. She was voluntarily dismissed from the suit before the *Younger* ruling. Morris does not challenge the dismissal of Bierman, so the entry of judgment in her favor is also affirmed.