IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-51145
Summary Calendar

KRISTOFER THOMAS KASTNER,

Plaintiff-Appellant,

v.

TEXAS BOARD OF LAW EXAMINERS, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-397

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kristofer Thomas Kastner, pro se, appeals the district court's dismissal of his lawsuit alleging that the Board of Law Examiners violated his constitutional rights in denying him admission to the State Bar of Texas.

Kastner is a prospective attorney residing in Texas who has passed the bar examination. However, in 1999, after a hearing, the Texas Board of Law

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Examiners ("BLE") determined that Kastner did not have the requisite moral character to be licensed to practice law in Texas and that he suffered from a chemical dependency. On these grounds, in 2000, the BLE denied Kastner's application, but allowed him to petition for admission again in July 2001 and further set conditions for Kastner to follow regarding violations of the law, the use of alcohol and drugs, and attendance at rehabilitation. In 2005, more than five years after the initial denial, Kastner reapplied for admission to the bar. The BLE made a preliminary determination that Kastner still lacked good moral character and suffered from a chemical dependancy because he had not complied with the "curative measures" it had delineated.[1] A hearing was scheduled for August 2006. Due to requests for continuances by both parties, the hearing has not yet been conducted.

In the meantime, Kastner filed a federal lawsuit, Kastner v. Texas Board of Law Examiners, et al., 07-CV-086-SS ("Kastner I"), which alleged a number of federal and state constitutional claims stemming from his failure to be admitted to the bar. On May 25, 2007, the district court dismissed the complaint in Kastner I as frivolous pursuant to 28 U.S.C. § 1915(e)(2). The court found that Kastner's claims were nonjusticiable for lack of jurisdiction, based both on the fact that the BLE had yet to issue a final decision on Kastner's 2005 application and on the Rooker-Feldman doctrine.

However, on May 21, 2007, prior to the district court's dismissal of Kastner I, Kastner filed another complaint in federal court predicated on the BLE's failure to admit him to the bar, Kastner v. Texas Board of Law Examiners, et al., 07-CV-397 ("Kastner II"). Specifically, in Kastner II, Kastner alleges that the BLE violated his due process rights in making its determination in 2000 and preliminary determination in 2005 that he is morally unfit for admission to the

---

[1] Apparently, in the intervening years, Kastner had been convicted of obstructing a peace officer in Mesa, Colorado, and driving while intoxicated in Harris County, Texas.

Texas Bar.  Further, Kastner alleges that, by considering certain parts of his criminal history in making these determinations, the BLE also deprived him of his rights under the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C. § 1738.  He also alleges that the BLE breached its "duty," pursuant to Texas Government Code § 82.028, to cite him only for those factors enumerated in § 82.028 and to properly review materials in a licensure case.  The district court dismissed Kastner II on the same basis as Kastner I, finding the suit frivolous under § 1915(e)(2) and concluding that Kastner's claims were not ripe and that the doctrines of Younger and Rooker-Feldman precluded review.  Kastner appeals the dismissal of Kastner II.

To the extent that Kastner requests relief related to his current bar application, his claims are not yet ripe for review.  The Supreme Court has stated that the "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n18 (1993).  "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." Monk v. Huston, 340 F.3d 279, 282 (5th Cir. 2003).  In determining whether a matter is ripe for judicial review we consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000).  Here, the hearing scheduled by the BLE regarding Kastner's application has not been conducted and the BLE has not yet made a final determination as to his application for admission.  Because Kastner has not yet been denied admission to the bar, his claims are merely hypothetical, and our review is barred by the ripeness doctrine.  See United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000) ("Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review.").

Further, under Younger v. Harris, 401 U.S. 37 (1971), federal courts must refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to ongoing state civil proceedings. There is a three-prong test for determining whether the Younger abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. Wightman v. Tex. Supreme Ct., 84 F.3d 188, 189 (5th Cir. 1996). Here, the state proceedings are ongoing, the proceedings implicate important state interests relating to the regulation of lawyers, and there is an adequate opportunity in the state proceedings for Kastner to raise his constitutional challenges. Therefore, to the extent that Kastner seeks injunctive or declaratory relief with respect to the BLE's consideration of his current bar application, the district court correctly held that it was proper for it to abstain from hearing these claims under Younger.

Finally, we are barred from hearing any claims relating to the 2000 BLE decision under the Rooker-Feldman doctrine. See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983). Under this doctrine, "lower federal courts lack jurisdiction to review state court judgments when the constitutional claims are 'inextricably intertwined' with [a] challenged state court judgment." Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 350 (5th Cir. 2003). A state bar's denial of admission is a state judicial act over which a federal court has no jurisdiction. See Feldman, 460 U.S. at 482-83.

On appeal, Kastner argues that he is challenging the constitutionality of the BLE rules generally, not only as applied to him. However, an examination of Kastner's complaint belies this contention. All of his allegations stem from action taken by the BLE upon his application, including the alleged failure of the

4

BLE to comply with Texas Government Code § 82.028. His complaint does not adequately set forth a general, facial challenge to the constitutionality of the Texas Bar admission rules. Rather, it sets forth a challenge to the BLE's decision in his case alleging that the the BLE's action was unconstitutional. The district court lacks jurisdiction to review such a challenge. See Feldman, 460 U.S. at 486 (holding that federal district courts lack jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").

Because the district court lacked jurisdiction over Kastner's claims, it did not err in dismissing his complaint under 28 U.S.C. § 1915(e)(2). Therefore, for the reasons set forth above, Appellee's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. Appellee's motion to stay the briefing deadline is DISMISSED as MOOT. Kastner's Motion for Reconsideration is GRANTED, and the Court considered his response in granting Appellee's motion for summary affirmance. Kastner's Motion for Costs and Fees is DENIED.