# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00678-CV

**Kristofer Thomas Kastner, Appellant**

**v.**

**The Texas Board of Law Examiners; State of Texas; Julia E. Vaughan, Individually and as former Board Member and Executive Director, Texas Board of Law Examiners; Donato Ramos, Individually and as former Member, Texas Board of Law Examiners; U. Lawrence Boze, Individually and as former Member, Texas Board of Law Examiners; Bruce Wyatt, Individually and as Staff Attorney, Texas Board of Law Examiners; and Jack Marshall, Individually and as former Director of Character and Fitness, Texas Board of Law Examiners, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-08-001085, HONORABLE GUS J. STRAUSS JR., JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Kristofer T. Kastner appeals a district court judgment dismissing, on a plea to the jurisdiction, his suit against appellees. Kastner's claims complain of appellees' decade-long refusal, on character and fitness grounds, to admit him to the State Bar of Texas. We will affirm the judgment.

## BACKGROUND

On January 3, 2000, the board of law examiners issued an order concluding that Kastner did "not possess the present good moral character required for admission to the practice of

law in Texas and that [he] suffers from chemical dependency."[1]  Among the board's considerations were Kastner's criminal arrest record; the fact that he failed to disclose his arrest record when applying to two law schools, including one Texas law school; and the Board's determination that Kastner suffered from a chemical dependency.  However, the order permitted Kastner to "petition the Board for redetermination of his moral character and fitness no earlier than July 19, 2001," and set forth various "curative measures" with which Kastner was to comply.

Kastner did not seek judicial review of this order but did file a petition for reconsideration of moral character and fitness in May 2005.  On October 18, 2005, the Board issued a "preliminary determination" on Kastner's petition for reconsideration.  The Board determined that Kastner "did not have the present good moral character and fitness required for admission to the practice of law," that Kastner suffered from chemical dependency, that Kastner had failed to comply with the curative measures set forth in the Board's 2000 order (including refraining from criminal conduct), and that Kastner "might have a mental or emotional illness or condition which would be likely to prevent [him] from carrying out duties to clients, courts, or the profession."

In April 2008, Kastner—who by then had initiated numerous unsuccessful pro se proceedings in Texas state and federal court complaining of the board's actions or matters ancillary to those proceedings[2]—sued the State; the board of law examiners; and several of the

---

[1]  *See* Tex. R. Gov. Bar Admis. IV.

[2]  *See Kastner v. Texas Bd. of Law Exam'rs*, 278 Fed. Appx. 346, 2008 U.S. App. LEXIS 10416 (5th Cir. 2008); *Kastner v. Texas Bd. of Law Exam'rs*, No. 07-CV-086-SS, 2007 U.S. Dist. LEXIS 9030 (W.D. Tex. 2007); *see also Kastner v. State*, No. 01-08-00894-CV, 2009 Tex. App. LEXIS 3150 (Tex. App.—Houston [1st Dist.] May 7, 2009, no pet.) (per curiam) (mem. op.) (suing State of Texas, Harris County, and various state officials for denying him free record on appeal); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 Tex. App. LEXIS 701

board's present and former members, executive directors, and employees in both their official and individual capacities, complaining of both the January 2000 order and the October 2005 preliminary determination.  Kastner alleges the following facts as the bases for his claims:

- In both the January 2000 order and the October 2005 preliminary determination, the board, in determining that Kastner lacked respect for the law and would likely harm a client, obstruct the administration of justice, or violate the disciplinary rules, "cites him for a 1990 Missouri case closed pursuant to Revised Missouri Statute 610.105," "a 1991 Minor in Possession of Alcohol" that had been "dismissed" and "closed under Revised Missouri Statute 610.105," and "a 1998 disorderly conduct" that had been "dismissed."  These actions, Kastner asserts, constitute violations of "due process" or the Texas Constitution's due course of law protection.  Additionally, Kastner asserts, the board's reliance on the 1990 and 1991 cases that he alleged had been "closed under Revised Missouri Statute 610.105" constituted a violation of the "full faith and credit" requirement of the federal constitution.

- In both the January 2000 order and the October 2005 preliminary determination, the board relied upon Kastner's failure to disclose on his law school application the 1990 and 1991 cases that he alleged had been "closed under Revised Missouri Statute 610.105." Kastner asserts that these actions constituted a violation of the "full faith and credit" requirement of the federal constitution.

- In both the January 2000 order and the October 2005 preliminary determination, the board relied upon the fact that Kastner transferred from St. Mary's to Northwestern School of Law of Lewis and Clark College when, Kastner alleges, he did so "primarily due to the strength of the academic program."  These actions, Kastner asserts, constituted a

---

(Tex. App.—San Antonio Feb. 4, 2009, pet. filed) (mem. op.) (suing law firm for alleged legal malpractice and breach of fiduciary duty in representing Kastner before board of law examiners); *Kastner v. Guttermax*, No. 14-08-00506-CV, 2008 Tex. App. LEXIS 7731 (Tex. App.—Houston [14th Dist.] Oct. 9, 2008, no pet.) (mem. op.) (suing former employer for alleged defamatory statements made to board of law examiners); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 Tex. App. LEXIS 8626, at *5-9 (Tex. App.—San Antonio Oct. 31, 2007, pet. denied) (mem. op.) (in above suit against law firm, addressing Kastner's claim of indigence).

3

violation of government code 82.028[3] and the due course of law protection under the Texas Constitution.

- In both the January 2000 order and the October 2005 preliminary determination, the board overstated the degree to which Kastner is "chemically dependent" when there was evidence that he was in remission and/or was not currently dependent on drugs. These actions, Kastner asserts, constitute violations of government code section 82.028 and the "due course of law" protection of the Texas Constitution. He also complains that the board failed to comply with section 82.030(c) of the government code in determining that he was "chemically dependent." Section 83.030(c) provides that "[i]f the board determines that an applicant may suffer from chemical dependency, the board shall require the applicant to submit to a treatment facility for evaluation." Tex. Gov't Code Ann. § 82.03(c) (West 2005).

---

[3] Sec. 82.028. MORAL CHARACTER AND FITNESS OF APPLICANT

(a)     The Board of Law Examiners may conduct an investigation of the moral character and fitness of each applicant for a license.

(b)     The board may contract with public or private entities for investigative services relating to the moral character and fitness of applicants.

(c)     The board may not recommend denial of a license and the supreme court may not deny a license to an applicant because of a deficiency in the applicant's moral character or fitness unless:

   (1)     the board finds a clear and rational connection between a character trait of the applicant and the likelihood that the applicant would injure a client or obstruct the administration of justice if the applicant were licensed to practice law; or

   (2)     the board finds a clear and rational connection between the applicant's present mental or emotional condition and the likelihood that the applicant will not discharge properly the applicant's responsibilities to a client, a court, or the legal profession if the applicant is licensed to practice law.

(d)     The board shall limit its investigation under this section to those areas clearly related to the applicant's moral character and present fitness to practice law.

(West 2005).

- After Kastner filed his petition for reconsideration in May 2005, the board "forc[ed] him to wait three year[s] to be licensed to practice law." As of the date of his petition, Kastner alleged, he "still has not been licensed or given a hearing on a determination of moral character and fitness." These actions, Kastner complains, constitute violations of the federal constitution's due process protection and the Texas Constitution's due course of law protection.

- Appellees have "falsely charg[ed] [Kastner] with dishonesty, lack of trustworthiness and criminality" and "stat[ed] that he lacked moral character and fitness for reasons that are false and do not comply with state and federal law." These actions, Kastner asserts, "deprived the plaintiff of liberty" and constituted "libel per se," "negligence," and breaches of other unspecified duties.

Based on these allegations, Kastner prayed solely for money damages, including inability to obtain employment as a lawyer, lost profits both as a lawyer and a "television news reporter," "loss of consortium with loss of one potential wife, lack of a current wife, and no family," and exemplary damages.

Appellees answered and raised sovereign immunity and affirmative defenses of limitations, official immunity, and res judicata. Appellees subsequently filed a plea to the jurisdiction in which they asserted that the district court lacked subject-matter jurisdiction because Kastner had failed to exhaust his administrative remedies with respect to either the 2000 order (by failing to seek judicial review) or the 2005 preliminary determination (which was not yet a final administrative action). Kastner countered that he was not required to exhaust administrative remedies because he alleged unconstitutional and ultra vires conduct. The district court granted the plea and rendered judgment dismissing all of Kastner's claims.

This appeal followed. During its pendency, appellees have filed a motion to dismiss on grounds of mootness. They attach a final order of the board, dated December 17, 2009, in which the board held that Kastner still "does not currently possess the present good moral character or

5

fitness required for admission to the practice of law in Texas," that his 1999 bar exam score was no longer valid, and that he would be permitted to re-apply for admission and a re-determination of his moral character and fitness only after two years had expired. Appellees also attached a copy of a petition for judicial review of this order, filed by Kastner, in which he complains of the "prior order which is clearly false and erroneous," the board's delay in acting on his petition, and the merits of the board's December 2009 order. Kastner has filed a response to appellees' motion in which he attacks the validity of the December 2009 order, evidently in the view that if this order is invalid, it cannot render moot his earlier-filed claims.

## ANALYSIS

In three issues, Kastner challenges the district court's dismissal of the suit, arguing that his petition alleged facts that invoked the district court's subject-matter jurisdiction, that he was not required to exhaust administrative remedies before filing his suit, and that the district court abused its discretion in refusing to permit him to conduct additional discovery on jurisdictional issues before dismissing his suit.

A plea to the jurisdiction challenges a trial court's authority to decide a case. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Analysis of whether this authority exists begins with the plaintiff's live pleadings. *Id.* at 226. The plaintiff has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Whether the plaintiff met this burden is a question of law that we review de novo. *Id.* We construe the pleadings liberally and look to the pleader's intent. *Id.* If the pleadings do not

6

contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227. When resolving issues presented by the plea to the jurisdiction, we may consider evidence that the parties have submitted and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

In this case, we need go no farther than to observe that Kastner has sued appellees solely for money damages and has not asserted any waiver or means of avoiding sovereign immunity. Sovereign or governmental immunity deprives trial courts of subject-matter jurisdiction over suits for monetary damages or other retrospective monetary relief against government entities and their officers, acting in their official capacity, unless the State expressly consents. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 368, 380 (Tex. 2009); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). This is true regardless whether the claimant has otherwise asserted a valid claim of ultra vires conduct. *See Heinrich*, 284 S.W.3d at 369-76; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515 (Tex. App.—Austin 2010, no pet.). Moreover, because sovereign immunity from suit deprives a trial court of subject-matter jurisdiction, it cannot be waived and may be raised at any time. *See Miranda,* 133 S.W.3d at 224; *Texas Ass'n of Bus.*, 852 S.W.2d at 445.

While Kastner's pleadings are somewhat difficult to decipher, we can conclude that he has neither pled a valid waiver of sovereign immunity nor pled facts coming within any such

waiver or a claim that would avoid immunity. *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 516 (citing *Director of Dep't of Agric. & Env't v. Printing Indus. Ass'n*, 600 S.W.2d 264, 265-70 (Tex. 1980); *Hendee v. Dewhurst*, 228 S.W.3d 354, 368-69 (Tex. App.—Austin 2007, pet. denied)); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .057(2) (West 2005).[4] Nor can we conclude that Kastner could cure these defects by repleading. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). As for Kastner's suit against the board members in their individual capacities, we agree that they are entitled to dismissal under section 101.106(e) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2005); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008).

We overrule Kastner's first issue and need not reach his second. In Kastner's third issue, he argues that he should have been allowed to conduct discovery before the hearing on the plea. However, he does not describe or explain how any discovery would have cured his jurisdictional defects. We cannot conclude that the district court abused its discretion in proceeding to rule on the plea. Kastner also argues that the district court's "failure to allow [Kastner] to attend [the] hearing" and present his arguments and evidence on the plea to the jurisdiction was a denial of his constitutional rights. The record reflects that Kastner received proper notice of the hearing on the plea. He filed a motion for continuance on the day of the hearing in which he indicated he was "financially unable" to attend the hearing. We again conclude that Kastner has not shown an abuse of discretion. We overrule Kastner's third issue.

---

[4] Kastner submitted over 300 pages of documents and other exhibits with his response to appellees' plea to the jurisdiction. These documents likewise do not demonstrate a waiver of immunity.

**CONCLUSION**

Having overruled Kastner's issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: July 29, 2010