# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 10-50201
Summary Calendar

Lyle W. Cayce
Clerk

KRISTOFER THOMAS KASTNER,

Plaintiff - Appellant

v.

TEXAS BOARD OF LAW EXAMINERS; STATE OF TEXAS; JULIA E.
VAUGHAN, Individually, and as Board Member and Executive Director of
the Texas Board of Law Examiners; BRUCE WYATT, Individually, and as
Staff Attorney for the Texas Board of Law Examiners; JACK MARSHALL,
Individually, and as Director of Character and Fitness, Texas Board of Law
Examiners; DAN POZZA, Individually, and as Board Member, Texas Board of
Law Examiners; JERRY GRISSOM, Individually, and as Board Member of
the Texas Board of Law Examiners; JOHN SIMPSON, Individually, and as
Board Member of the Texas Board of Law Examiners; SUSAN HENRICKS,
Individually, and as Prosecutor for the Texas Board of Law Examiners,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
No. 1:09-CV-916

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50201

Plaintiff-appellant Kristofer Thomas Kastner, proceeding *pro se*, appeals the district court's dismissal of his lawsuit against the Texas Board of Law Examiners ("BLE"), the State of Texas, and various individuals connected with those entities. Kastner asserts several claims arising from the defendants' December 2009 denial of his application to practice law in Texas.[1] After a magistrate judge granted Kastner leave to proceed *in forma pauperis*, the district court dismissed Kastner's complaint as frivolous under 28 U.S.C. § 1915(e)(2).

Kastner first applied to practice law in Texas shortly after passing the bar examination in 1999. After determining that Kastner lacked the requisite moral character and that he suffered from a chemical dependency, the BLE denied Kastner's application, but stated that he would be allowed to apply again after July 2001 if he attended a rehabilitation program and refrained from violating the law. Kastner eventually reapplied for admission in 2005. Upon investigation, the BLE reached a preliminary determination that Kastner still lacked good moral character, based in part on two criminal convictions in the intervening years, and that he still suffered from a chemical dependency, based on his failure to attend the rehabilitation program. After a full hearing and a series of delays due to legal action, the BLE issued its final decision denying Kastner's 2005 application on December 17, 2009. This lawsuit followed.

This is not Kastner's first lawsuit challenging the BLE decisions. Kastner filed a materially identical lawsuit in 2007 following the BLE's preliminary

---

[1] Specifically, Kastner alleges that the denial of admission violated his due process rights, his constitutional right to Full Faith and Credit as implement by 28 U.S.C. § 1738, and Tex. Gov. Code §§ 82.028 and 82.030. He also alleges claims under 42 U.S.C. § 1983 for violations of his civil rights and libel.

No. 10-50201

determination that he still lacked good moral character. We ultimately held that the district court lacked jurisdiction over Kastner's claims at that time.[2] With respect to the 2005 application, we held that Kastner's claims were not ripe for review because the BLE had not yet issued a final decision;[3] in the alternative, we held that *Younger* abstention prohibited the federal courts from considering Kastner's constitutional challenges to the state BLE proceedings.[4] To the extent Kastner also sought to challenge the denial of his 1999 application, we held that we were barred from hearing those claims by the *Rooker-Feldman* doctrine.[5] *Rooker-Feldman* holds that "lower federal courts lack jurisdiction to review state court judgments when the constitutional claims are 'inextricably intertwined' with [a] challenged state court judgment."[6]

Although Kastner filed the present complaint after the BLE's final decision, and thus his claims are now ripe, the district court correctly held that the complaint must be dismissed because Kastner remains unable to overcome the bar of *Rooker-Feldman*. State bar admissions determinations are judicial proceedings,[7] and any challenge must be raised by appeal to the state appellate

---

[2] *See Kastner v. Tex. Bd. of Law Exam'rs*, 278 F. App'x 346 (5th Cir. 2008) (per curiam) (unpublished).

[3] *Id.* at 348–49.

[4] *Id.* at 349 (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Wrightman v. Tex. Sup. Ct.*, 84 F.3d 188 (5th Cir. 1996).

[5] *Id.* (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 (1983)).

[6] *Richard v. Hoechst Celanese Chem. Group., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003).

[7] *See Feldman*, 460 U.S. at 482.

No. 10-50201

courts, not by collateral attack in a federal district court.[8]  Kastner insists that his claims fall outside of *Rooker-Feldman* because he purports to challenge the constitutionality of the BLE rules generally, rather than just their application in his case, but we already held in his prior lawsuit that his complaint can only be understood as an as-applied challenge.[9]

Because there is no material difference between Kastner's prior lawsuit and his present complaint for purposes of *Rooker-Feldman*, the district court was correct to dismiss Kastner's new complaint as frivolous.  Accordingly, the judgment of the district court is AFFIRMED.

---

[8] *See generally Liedtke v. State Bar of Tex.*, 18 F.3d 315 (5th Cir. 1994).

[9] *See Kastner*, 278 F. App'x at 349.