# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00355-CV

**Kristofer Thomas Kastner, Appellant**

**v.**

**Texas Board of Law Examiners, The State of Texas, Julia E. Vaughan, Bruce Wyatt, Jack Marshall, Dan Pozza, Jerry Grissom, John Simpson, and Susan Henricks, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-09-004337, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

&

## NO. 03-10-00462-CV

**Kristofer Thomas Kastner, Appellant**

**v.**

**Texas Board of Law Examiners, The State of Texas, Julia E. Vaughan, Bruce Wyatt, Jack Marshall, Dan Pozza, Jerry Grissom, John Simpson, and Susan Henricks, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-09-004337, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In the above-referenced cause number 03-10-00355-CV, Kristofer Thomas Kastner appeals from a district court's order sustaining a contest to his affidavit of inability to pay appellate costs in another cause, number 03-10-00166-CV. In the other above-referenced cause, number 03-

10-00462-CV, Kastner appeals from a subsequent district court order striking a revised affidavit of inability to pay costs in cause number 03-10-00166-CV and prohibiting him from filing any subsequent affidavits. We will affirm both orders.

For the past decade, Kastner has been litigating claims against the State, the board of law examiners, and several of the board's present and former members, executive directors, and employees alleging they had violated various constitutional and statutory requirements in refusing to issue him a law license, despite his having passed the bar in 1999, based on the moral character and fitness requirement.[1] These and similar complaints—including claims concerning Kastner's alleged indigence—have been litigated in numerous federal and state courts, including this one.[2]

---

[1] *See* Tex. R. Gov. Bar Admis. IV.

[2] *See, e.g.*, *Kastner v. Texas Bd. of Law Exam'rs*, 408 Fed. Appx. 777, 2010 U.S. App. LEXIS 22651 (5th Cir. 2010) (per curiam) (affirming district court's dismissal of Kastner's federal complaint as frivolous); *Kastner v. Lawrence*, 390 Fed. Appx. 311, 2010 U.S. App. LEXIS 15405 (5th Cir. 2010) (per curiam) (affirming dismissal of Kastner's civil rights suit against Harris County); *Kastner v. Texas Bd. of Law Exam'rs*, 278 Fed. Appx. 346, 2008 U.S. App. LEXIS 10416 (5th Cir. 2008) (affirming dismissal based on lack of jurisdiction); *Kastner v. Texas Bd. of Law Exam'rs*, No. 07-CV-086-SS, 2007 U.S. Dist. LEXIS 9030 (W.D. Tex. 2007) (finding Kastner indigent but dismissing complaint for lack of jurisdiction); *see also Kastner v. Martin & Drought, P.C.*, No. 04-09-00565-CV, 2011 Tex. App. LEXIS 5499 (Tex. App.—San Antonio July 20, 2011, no pet. h.) (affirming order declaring Kastner vexatious litigant); *Kastner v. Gutter Mgmt.*, No. 14-09-00055-CV, 2010 Tex. App. LEXIS 8868 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, pet. denied) (sub. mem. op.) (involving suit brought against Kastner's former employer and related entities as well as several other employees seeking to recover damages arising from alleged assault and allegedly false statements made to Texas Board of Law Examiners regarding Kastner's application for law license); *In re Kastner*, No. 01-10-00511-CV, 2010 Tex. App. LEXIS 6103 (Tex. App.—Houston [1st Dist.] July 29, 2010, orig. proceeding) (mem. op.) (denying Kastner's petition for writ of mandamus complaining of trial court's order prohibiting district clerk of Harris County from processing "any further actions or settings on this case unless and until [Kastner] pays in full all filing fees"); *Kastner v. Texas Bd. of Law Exam'rs*, No. 03-08-00678-CV, 2010 Tex. App. LEXIS 6076 (Tex. App.—Austin July 29, 2010, pet. denied) (mem. op.) (affirming judgment dismissing suit on plea to jurisdiction); *Kastner v. Martin, Drought & Torres, Inc.*, No. 04-09-00565-CV, 2010 Tex. App. LEXIS 5676 (Tex. App.—San Antonio July 21, 2010, no pet.)

2

On March 2, 2010, the district court declared Kastner a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051-.54 (West 2002). On March 24, Kastner appealed from this order, which we docketed under cause number 03-10-00166-CV. With his notice of appeal, Kastner filed in the district court an affidavit of inability to pay appellate costs and a request for a free record. *See* Tex. R. App. P. 5, 20.1(a)-(d), 35.3(a)(2) & (b)(3). Appellees timely filed a contest to Kastner's affidavit of indigence, *see* Tex. R. App. P. 20.1(e), and the district court set the contest for hearing on April 26. Although notice of the hearing was provided, Kastner failed to appear. At the conclusion of the hearing, the district court sustained appellees' contest to Kastner's affidavit. Kastner then appealed this order, which we docketed separately under cause number 03-10-00355-CV.[3]

---

(mem. op.) (declaring frivolous Kastner's suit against lawyers who had previously represented him); *Kastner v. Texas Bd. of Law Exam'rs*, No. 03-08-00515-CV, 2009 Tex. App. LEXIS 6381 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.) (affirming order sustaining contest to Kastner's affidavit of inability in prior suit); *Kastner v. State*, No. 01-08-00894-CV, 2009 Tex. App. LEXIS 3150 (Tex. App.—Houston [1st Dist.] May 7, 2009, no pet.) (mem. op.) (suing State of Texas, Harris County, and various state officials for denying him free record on appeal); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 Tex. App. LEXIS 701 (Tex. App.—San Antonio Feb. 4, 2009, pet. denied) (mem. op.) (suing law firm for alleged legal malpractice and breach of fiduciary duty in representing Kastner before board of law examiners); *Kastner v. Guttermax*, No. 14-08-00506-CV, 2008 Tex. App. LEXIS 7731 (Tex. App.—Houston [14th Dist.] Oct. 9, 2008, no pet.) (mem. op.) (suing former employer for alleged defamatory statements made to board of law examiners); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 Tex. App. LEXIS 8626, at *5-9 (Tex. App.—San Antonio Oct. 31, 2007, pet. denied) (mem. op.) (addressing Kastner's claim of indigence in suit against law firm).

[3] Appellees assert that we lack jurisdiction over cause number 03-10-00355-CV because Kastner failed to timely file his notice of appeal. The district court signed its order sustaining appellees' contest on April 27, 2010. Kastner's notice of appeal was mailed on June 1, 2010 and filed in this Court on June 3, 2010. The notice of appeal must be filed within 30 days after the judgment is signed. Tex. R. App. P. 26.1. However, the appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal and files in the appellate court a motion for extension of time

An indigent party seeking to appeal without paying costs must follow the requirements of Texas Rule of Appellate Procedure 20.1 to secure the record for appeal. *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011). The rule requires that the party provide an affidavit of indigence "with or before the notice of appeal" or "with or before the document seeking relief" in mandamus or other proceedings, and enumerates twelve items of financial information that the affidavit must contain. *Id*. (citing Tex. R. App. P. 20.1(b), (c)(1), (c)(2)). If a contest to an affidavit is timely filed, as was done in this case, then the trial court must provide notice and set a hearing to determine whether the party is indigent. *See id*. (citing Tex. R. App. P. 20.1(i)). In a contest to the affidavit, the party filing the affidavit has the burden of proving the affidavit's allegations. *Id*. (citing Tex. R. App. P. 20.1(g)).

"The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (Tex. 1942)). When a trial court sustains a contest, we review that determination for an abuse of discretion. *See Rodgers v. Mitchell*,

---

to file the notice of appeal. *See* Tex. R. App. P. 26.3. A motion for extension of time is necessarily implied when an appellant files his notice of appeal within the 15-day deadline and offers a "reasonable explanation" for his failure to timely file. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). This rule has been construed liberally in favor of allowing appellants the right to appeal. *See, e.g.*, *Houser v. McElveen*, 243 S.W.3d 646, 647 (Tex. 2008); *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007). Kastner's notice of appeal was filed within 15 days of the deadline. In various filings related to this appeal, Kastner has claimed to have encountered problems with mail delivery. Under the particular circumstances of this case, we will grant Kastner an implied extension and hold that his notice of appeal was timely filed.

4

83 S.W.3d 815, 818 (Tex. App.—Texarkana 2002, no pet.); *In re Smith*, 70 S.W.3d 167, 168 (Tex. App.—San Antonio 2001, no pet.); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). "Abuse of discretion is a heavy burden." *Arevalo*, 983 S.W.2d at 804. "It means that the judge acted without reference to any guiding rules or principles, that the facts and law permit only one decision and it is the opposite of the trial judge's decision, and that the ruling is so arbitrary and unreasonable as to be clearly wrong." *Id.* (citing *Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding)).

In his first affidavit of indigence, dated March 22, 2010, Kastner averred that he is receiving food stamps from the Texas Department of Health and Human Services, that he has no other source of income, and that he was unmarried and supported only himself. Kastner further stated that he has "approximately $7 dollars in cash" but no bank account and a "bank debt of over $300 dollars due to an overdraft," that he does not own an automobile, and that he owns "less than approximately $3,000 dollars worth of personal property in the form of clothes, a personal computer and furniture." Kastner added that he is "receiving Harris County Hospital District benefits . . . consistent with TRCP 145."[4] Kastner also asserted that he has "academic degrees . . . worth in excess of $150,000" that are "not saleable." Kastner claimed that he owed over $2,400 on his

---

[4] Kastner is apparently referring to Texas Rule of Civil Procedure 145, which defines a "party who is unable to afford costs" as "a person who is presently receiving a governmental entitlement based on indigency or any other person who has no ability to pay costs." Tex. R. Civ. P. 145(a). The Texas Supreme Court has recently noted that "the plain text of the appellate rule, which requires a separate affidavit of indigence from the affidavit to proceed without payment of costs in the trial court, does not contain the broad definition found in Civil Rule 145." *In re C.H.C.*, 331 S.W.3d 426, 430 n.7 (Tex. 2011).

5

personal computer, that his student loans exceed $100,000, and that he had credit card debt which exceeds $2,000. Kastner further claimed monthly expenses of $580 in rent, $58 for storage, $75 for transportation, $100 to $200 for food, $20 for haircuts, $50 to $70 for "office expenses, including copies, ink, postage and supplies" related to his pro se prosecution of the case, and "unforeseen expenses like malfunctioning printers and medicine." Kastner added that he has "applied for over 200 jobs since mid-May 2009." Attached to Kastner's affidavit were documents showing his eligibility for food stamps in the amount of $16 per month beginning in September 2009 and continuing through September 2010; a letter dated February 4, 2010, indicating that Kastner's student loans were in forbearance; and a statement from the Harris County Hospital District, dated July 28, 2009, showing Kastner's eligibility for benefits.

Appellees, in their contest to Kastner's affidavit, argued primarily that Kastner is "voluntarily underemployed." Citing to two prior cases addressing this issue, appellees emphasized that Kastner is a law school graduate who could earn more money if he so desired. *See Kastner v. Texas Bd. of Law Exam'rs*, No. 03-08-00515-CV, 2009 Tex. App. LEXIS 6381 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.); *Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 Tex. App. LEXIS 8626 (Tex. App.—San Antonio Oct. 31, 2007, pet. denied) (mem. op.). Appellees added that Kastner "has also mentioned more than once at other hearings that he was a television news reporter." As for Kastner's claim that he has "applied for over 200 jobs" since May 2009, appellees observed that Kastner "has submitted no evidence supporting that statement, nor has he submitted any evidence of what efforts he has undertaken to apply for jobs in which he could use his law degree or his journalistic skills."

6

Appellees also argued that "Kastner's claim of indigence is further belied by the fact that he has had the resources to file several other lawsuits and appeals, most of which have been dismissed or adversely determined." Appellees referred specifically to "three prior federal court cases which were dismissed as frivolous, and which formed the basis for the Court's vexatious litigant order in this cause." In appellees' view, "Kastner's established pattern of filing frivolous lawsuits, and submitting frivolous discovery requests associated with those suits, indicates that he has sufficient resources to engage in vexatious litigation."

Prior to the hearing, appellees also filed a supplement to their contest in which they stated that their counsel had received an email from Kastner, dated April 16, 2010, in which Kastner wrote,

> *I am working full time* and my personal internet is down. It is imperative I be served with all documents and given advance warning of any hearing. I cannot just take off work, travel and spend money at your leisure. I still appreciate e-service, but, as I told you in my recent e-mail, I cannot accept e-service when my internet is down.
>
> I also do not own a fax machine.
>
> Please bear this in mind as you work on my case.

(Emphasis added.) Appellees attached a copy of the email to its supplement. Appellees argued that as a result of the apparent change in Kastner's employment status, "Kastner's Affidavit of Inability is inaccurate and, in addition to the reasons discussing in Defendants' Contest, should be stricken in its entirety."

At the hearing, the district court inquired into Kastner's absence and asked appellees if Kastner had been notified "that this contest would be heard today at this time." Appellees' counsel

7

answered in the affirmative and added, "We served by fax, email, regular mail and certified mail, everything." The district court then inquired into whether appellees wanted to present any evidence beyond what they had already filed. Appellees answered that they did not. After hearing argument from appellees, the district court sustained the contest. In its accompanying order, the district court found that the contest should be sustained on the following grounds:

> In his Affidavit of Inability, Plaintiff claims to have no source of income other than food stamps and Harris County Hospital District Benefits. However, Plaintiff is a law school graduate, and has worked as a reporter in the past. Plaintiff has submitted no evidence of what efforts he has undertaken to apply for jobs in which he could use those skills. He has also failed to submit evidence supporting the claim in his affidavit of inability that he has applied for over 200 jobs since mid-May 2009.

> Since he filed his affidavit of inability, Plaintiff has notified Defendants' counsel that he is now working full-time. However, Plaintiff has not amended or otherwise supplemented his affidavit of inability with any information about his income.

On June 3, 2010, Kastner filed a second affidavit of inability to pay appellate costs in the main appeal. This affidavit was largely identical to the first affidavit, although it added the following information related to Kastner's new job:

> In April 2010 I obtained new employment initially paying $9 dollars per hour. Due to taxes this rate of pay has not yet met the rate of pay I was receiving while unemployed. A copy of unemployment records and new pay stubs are attached.

Kastner's attached earning statements reflect that he works for "FMA Alliance, Ltd.," earns gross pay between $647 and $686 per pay period, and, as of May 21, 2010, has earned a total of $2,017.76. Approximately $100 in taxes is deducted from Kastner's income each pay period. Kastner also attached a statement of unemployment benefits showing that for the last week he was unemployed,

8

the week of March 28, 2010 to April 3, 2010, he received $289 in benefits. Kastner further attached a document dated June 2, 2010, stating that, because Kastner's unemployment benefits had been terminated, he remained eligible for food stamps in the amount of $16 per month.

Appellees filed a contest to the second affidavit, and, following a hearing at which Kastner again did not appear, the district court sustained the contest. It found the following:

> Plaintiff has failed to sustain his burden of showing any change in his financial condition since the Court's April 27, 2010 order sustaining Defendants' first contest. Plaintiff has also failed to sustain his burden of proof of showing why he is not voluntarily under-employed and thus why he could not earn more money if he so desired, as the Third Court of Appeals determined in *Kastner v. Texas Bd. of Law Exam'rs*, No. 03-0800515-CV, 2008 WL 2476640 (Tex. App.—Austin Aug. 12, 2009) (mem. op).

Kastner did not file a notice of appeal from the above order, but instead proceeded to file a third affidavit of inability to pay costs, largely identical to his second. In response, appellees filed a motion to strike the third affidavit, arguing that the affidavit should be struck because it was not filed "with or before the notice of appeal" as required by Rule 20.1(c)(1) and because Kastner's "repeated filings of affidavits of inability are unnecessary, and serve only to create delay and confusion." The district court granted the motion to strike. In its order striking the affidavit, the district court prohibited Kastner "from filing any other affidavits of indigence or inability which are based on the same or similar circumstances as those already on file in this proceeding."[5]

---

[5] Kastner filed his third affidavit of inability in both the district court and this Court, which prompted appellees to file their motion to strike in both the district court and this Court. In this Court, that motion is still pending. Because the district court has already ruled on appellees' motion to strike, we dismiss as moot the motion to strike filed in this Court.

Kastner filed a separate notice of appeal from this order, which we have docketed under cause number 03-10-00462-CV.[6]

We first address the district court's order sustaining appellees' contest to Kastner's first affidavit of inability, the subject of cause number 03-10-00355-CV. We cannot conclude on this record that the district court's decision was without reference to any guiding rules or principles. Two courts of appeals, including this one, have found that Kastner is a law school graduate and could earn more money if he so desired. *See Kastner*, 2009 Tex. App. LEXIS 6381, at *9; *Kastner*, 2007 Tex. App. LEXIS 8626, at *8-9. The district court would not have abused its discretion in relying on this precedent. The district court also found that Kastner "has submitted no evidence of what efforts he has undertaken to apply for jobs in which he could use [his] skills" and has "failed to submit evidence supporting the claim in his affidavit of inability that he has applied for over 200 jobs since mid-May 2009." Both of these findings are supported by the record, as Kastner attached no evidence to his affidavit of any attempts to find work.

In his brief, Kastner urges that his documented eligibility for food stamps is "black letter inability to pay under TRCP 145."[7] However, the district court would not have abused

---

[6] We note that Kastner has failed to file a brief in this cause despite instruction from this Court that failure to do so may result in dismissal of the cause for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1). Although we have authority to dismiss the appeal under these circumstances, we decline to do so in this case. *See* Tex. R. App. P. 38.8(a)(2) (giving appellate courts discretion to decline to dismiss appeal in cases in which no brief has been filed). Kastner did file a brief in cause number 03-10-00355-CV, and many of the arguments he makes in that brief can be applied to the appeal in cause number 03-10-00462-CV. *See* Tex. R. App. P. 38.9 (briefing rules to be construed liberally).

[7] Again, the Texas Supreme Court has noted that Rule 20.1 does not contain the "broad definition" of indigence that is contained in Texas Rule of Civil Procedure 145. *See In re C.H.C.*, 331 S.W.3d at 430 n.7.

its discretion in finding otherwise. In appellees' supplement to their contest, they attached an email from Kastner in which he wrote that he was "working full time." Thus, the district court could have found that, even though Kastner was eligible for $16 per month in food stamps, he was nevertheless employed and had access to income other than a government entitlement. Moreover, the district court would not have abused its discretion in finding that a law school graduate receiving food stamps is further evidence of Kastner's voluntary underemployment.

Kastner also places significance on the fact that other courts have found him to be indigent. However, it is well settled that "[t]he mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 742 (Tex. 1985). The question before us is not whether the district court could have found Kastner to be indigent, but whether the facts and the law permitted only that decision. On this record, we cannot conclude that the district court abused its discretion in finding that Kastner failed to satisfy his burden to prove, by a preponderance of the evidence, that he would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so.

As for Kastner's third affidavit of inability, the subject of cause number 03-10-00462-CV, rule 20.1 expressly requires that an affidavit of indigence be filed "with or before the notice of appeal." Tex. R. App. P. 20.1(c)(1). Kastner's third affidavit did not comply with that requirement. Thus, we cannot conclude that the district court abused its discretion in granting appellees' motion to strike. *See Brown v. Paris Indus. Found.*, 46 S.W.3d 321, 323 (Tex. App.—Texarkana 2001, pet. dism'd) (after appellant obtains trial court ruling on indigent status, "[t]he Rules do not

11

allow a party to come in at a later date and seek to be declared indigent based on a change in circumstances."); *see also Kastner*, 2009 Tex. App. LEXIS 6381, at *8-9 n.7 (overruling Kastner's motion to supplement appellate record with evidence of change in financial circumstances).

Finally, Kastner argues that he was denied due process because the hearing was held without his presence. However, the record reflects that Kastner had notice of the hearing. The fact that Kastner chose not to attend is not a denial of due process. *See Kastner*, 2009 Tex. App. LEXIS 6381, at *10 (addressing similar argument).

In cause number 03-10-00355-CV, we affirm the district court's order sustaining appellees' contest to Kastner's first affidavit of indigence. In cause number 03-10-00462-CV, we affirm the district court's order striking Kastner's third affidavit of indigence.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:   August 18, 2011

12